DMJ:CN
F.#2013R00592

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ APR 24 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ALEXANDER FONTANET,

                Defendant.

- - - - - - - - - - - - - - - - X

PRELIMINARY
ORDER OF FORFEITURE

13-CR-526 (SJF)

WHEREAS, on November 14, 2013, ALEXANDER FONTANET (the "Defendant"), entered a plea of guilty to offense in the of the above-captioned indictment charging violations of 21 U.S.C. § 846; and

WHEREAS, the Defendant has consented to the forfeiture of the sum of fourteen thousand six hundred dollars and no cents ($14,600.00) in United States currency (the "Forfeited Funds"), seized on or about August 15, 2013 from a residence located in Brooklyn, New York pursuant to 21 U.S.C. § 853(a), as property which constitutes or is derived from proceeds traceable to his violation of 21 U.S.C. § 846, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

    1.    The Defendant shall forfeit to the United States the full amount of the Forfeited Funds, pursuant to 21 U.S.C. § 853(a) and 21 U.S.C. § 853(p).

    2.    Upon entry of this Preliminary Order of Forfeiture, the United States

Attorney General, or his designee, is authorized to seize the Forfeited Funds and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

3. The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Funds in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Funds as a substitute for published notice as to those persons so notified.

4. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

5. Any person, other than the Defendant asserting a legal interest to the Forfeited Funds may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first date of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to

adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Funds must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Funds in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Funds passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Forfeited Funds to the United States. The forfeiture of the Forfeited Funds shall not be considered a payment of a fine, penalty, restitution loss amount, or a payment on any income taxes that may be due. This Order shall be binding upon the Defendant ant the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy.

7. The United States shall have clear title to the Forfeited Funds identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim,

this Order, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Forfeited Funds forfeited herein shall be forfeited to the United States for disposition in accordance with law.

9. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order of Forfeiture.

11. The Clerk of the Court is directed to send, by inter-office mail, five (5) certified copies of this executed Order of Forfeiture to FSA Asset Forfeiture Paralegal Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
March 24, 2014

s/ Sandra J. Feuerstein

HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE